IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEANNA LOUISE LOPEZ,

    Plaintiff,

v.                                                                     No. 1:24-cv-00092-JFR

LANNY FOWLER and
ALLSUP'S CONVENIENCE STORES INC.,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,</u>**
**<u>DENYING MOTION FOR APPOINTMENT OF COUNSEL AND</u>**
**<u>ORDER TO SHOW CAUSE</u>**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Employment Discrimination, Doc. 1, filed January 29, 2024 ("Complaint"), Plaintiff's Application for Free Process and Affidavit of Indigency, Doc. 2, filed January 29, 2024, and Plaintiff's Motion for Appointment of Counsel, Doc. 3, filed January 29, 2024 ("Motion to Appoint Counsel").

**Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to proceed *in forma pauperis*. Plaintiff signed the Application and provided the following information "upon my oath or affirmation:" (i) Plaintiff's only income amount is Disability Security Income, Medicaid and food stamps; (ii) Plaintiff's monthly expenses total $5,260.00; (iii) Plaintiff has $300.00 in cash and $300.00 in bank accounts; and (iv) Plaintiff was unemployed during the past 12 months because she is disabled. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she is unemployed, her only income is Disability Security Income, Medicaid and food stamps, and her monthly expenses total $5,2560.00.

**Motion to Appoint Counsel**

Plaintiff asks the Court to appoint counsel due her "100% disability (mental)" pursuant to N.M.S.A. § 43-1-1-4. Motion to Appoint Counsel at 1. Section 43-1-4 requires state courts to appoint counsel to represent clients who have not retained counsel and are unable to do so for proceedings under New Mexico Statutes Chapter 43 Commitment Procedures.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th

Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1).  Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation.  Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case. The only legal authority cited by Plaintiff, N.M.S.A. § 43-1-4, does not apply to this Court or to this type of proceeding.

The Court denies Plaintiff's Motion to Appoint Counsel.  The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**The Complaint**

Plaintiff filed a Charge of Discrimination with the EEOC alleging that she was discriminated against because of her disability in violation of the Americans with Disabilities Act and the New Mexico Human Rights Act.  *See* Complaint at 10 (Charge of Discrimination signed by Plaintiff on April 24, 2018).

> A plaintiff must initiate litigation on an ADA claim within ninety days from the date he receives a "right to sue" letter from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1) (providing filing deadlines for Title VII claims); 42 U.S.C. § 12117(a) (specifically adopting Title VII filing deadlines for ADA claims). "These timing requirements

are prerequisites to a civil suit." *Croy v. Cobe Labs., Inc.,* 345 F.3d 1199, 1202 (10th Cir.2003).

*Hall v. United Parcel Service. Inc.*, 101 Fed.Appx. 764, 765 (10th Cir. 2004).

Plaintiff states she received a "Notice of Right to Sue letter" on January 8, 2024, and attached to her Complaint a copy of the EEOC right-to-sue letter which she apparently received after requesting a copy of her file from the New Mexico Human Rights Bureau on December 1, 2023. Complaint at 5, 8-11. Plaintiff attached a copy of the EEOC's right-to-sue letter which indicates it was mailed to Plaintiff at "1500 Pacheco Street Box #89 Apt. 704, Santa Fe, NM 87505" on November 6, 2018, and states "Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost." Complaint at 11 (emphasis in original) (the EEOC's right-to-sue letter attached to the Complaint is stamped "RECEIVED NOV 13 2018 HUMAN RIGHTS BUREAU"). "Generally, when the EEOC mails a right-to-sue letter, 'federal courts have presumed various receipt dates ranging from three to seven days after the letter was mailed.'" *Panicker v. Compass Group U.S.A. Inc.*, 712 Fed.Appx. 784, 786 (10th Cir. 2017) (quoting *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001) (collecting cases)). It appears that the 90-day deadline for Plaintiff to file a lawsuit based on her EEOC charge was approximately February 11, 2019. Plaintiff has not alleged any facts to support her statement that she received the EEOC's "Notice of Right to Sue letter" on January 8, 2024.

The Court orders Plaintiff to show cause why the Court should not dismiss this case based on Plaintiff's failure to timely file this lawsuit. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint that alleges facts that support Plaintiff's assertion that the Court should not dismiss this case.

The Court also orders Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim upon which relief can be granted.  Plaintiff filed her Complaint using the form "Complaint for Employment Discrimination."  Where the form Complaint prompts plaintiffs to state the facts of their case, Plaintiff wrote: "Wrongful Termination of employment 2/26/2018, Retaliation, unequal terms & conditions, Failure to promote me to assistant manager (pay) Unreasonable Accommodations."  Complaint at 5; *see also* Complaint at 4 (instructing plaintiffs to "State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct").  The Complaint fails to state a claim because it does not state what each defendant did that caused Plaintiff harm or violated Plaintiff's rights.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Plaintiff attached seven documents to the Complaint.  The Court will not review the attachments to determine whether Plaintiff can state a claim upon which relief can be granted.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant.").  Any information in the attachments that form a basis for Plaintiff's claims must be set forth in allegations in an amended complaint.  The Court may consider the documents attached to the Complaint at a later

5

stage in this case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim and for lack of jurisdiction, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court grants Plaintiff leave to file an amended complaint.

**Service**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local*

*Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

7

(i) Plaintiff's Application for Free Process and Affidavit of Indigency, Doc. 2, filed January 29, 2024, is **GRANTED.**

(ii) Plaintiff's Motion for Appointment of Counsel, Doc. 3, filed January 29, 2024, is **DENIED.**

(iii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
UNITED STATES MAGISTRATE JUDGE