IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEANNA LOUISE LOPEZ,

      Plaintiff,

v.                                                             No. 1:24-cv-00092-MV-JFR

LANNY FOWLER and
ALLSUP'S CONVENIENCE STORES INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, asserted claims pursuant to the Americans with Disabilities Act ("ADA"), alleging that Defendants terminated her employment, failed to promote her, failed to accommodate her disability, subjected her to unequal terms and conditions of employment, and retaliated against her. Doc. 1 at 3-4 (Complaint for Employment Discrimination, filed January 29, 2024 ("Complaint")). Plaintiff previously filed a Charge of Discrimination with the EEOC alleging that she was discriminated against because of her disability in violation of the ADA and the New Mexico Human Rights Act. *Id.* at 10.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff as follows:

> A plaintiff must initiate litigation on an ADA claim within ninety days from the date he receives a "right to sue" letter from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1) (providing filing deadlines for Title VII claims); 42 U.S.C. § 12117(a) (specifically adopting Title VII filing deadlines for ADA claims). "These timing requirements are prerequisites to a civil suit." *Croy v. Cobe Labs., Inc.,* 345 F.3d 1199, 1202 (10th Cir.2003).

*Hall v. United Parcel Service. Inc.*, 101 Fed.Appx. 764, 765 (10th Cir. 2004).

Plaintiff states she received a "Notice of Right to Sue letter" on January 8, 2024, and attached to her Complaint a copy of the EEOC right-to-sue letter which she apparently received after requesting a copy of her file from the New Mexico Human

> Rights Bureau on December 1, 2023.  Complaint at 5, 8-11.  Plaintiff attached a copy of the EEOC's right-to-sue letter which indicates it was mailed to Plaintiff at "1500 Pacheco Street Box #89 Apt. 704, Santa Fe, NM 87505" on November 6, 2018, and states "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost."  Complaint at 11 (emphasis in original) (the EEOC's right-to-sue letter attached to the Complaint is stamped "RECEIVED NOV 13 2018 HUMAN RIGHTS BUREAU"). "Generally, when the EEOC mails a right-to-sue letter, 'federal courts have presumed various receipt dates ranging from three to seven days after the letter was mailed.'" *Panicker v. Compass Group U.S.A. Inc.*, 712 F. Appx. 784, 786 (10th Cir. 2017) (quoting *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001) (collecting cases)).  It appears that the 90-day deadline for Plaintiff to file a lawsuit based on her EEOC charge was approximately February 11, 2019.  Plaintiff has not alleged any facts to support her statement that she received the EEOC's "Notice of Right to Sue letter" on January 8, 2024.

Doc. 5 at 3-4 (Order to Show Cause, filed February 5, 2024).  Judge Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss this case based on Plaintiff's failure to timely file this lawsuit and, if she did so, to also file an amended complaint alleging facts to support Plaintiff's assertion that the Court should not dismiss this case.  *Id.* at 4.

Plaintiff did not file a response showing cause why the Court should not dismiss this case based on her failure to timely file this lawsuit.  Instead, Plaintiff filed an Amended Complaint that asserts a claim pursuant to the ADA and alleges that Plaintiff was injured on the job on July 20, 2017.  Doc. 6 at 4 (First Amended Complaint and Request for Injunction, filed February 6, 2024 ("Amended Complaint").  The First Amended Complaint, however, includes no allegations regarding Plaintiff's receipt from the EEOC of the right to sue letter, and no facts from which the Court can conclude that Plaintiff either filed this action in a timely manner or that the Court should not dismiss this case because of untimeliness, as Judge Robbenhaar warned.

The Court dismisses this case because: (i) Plaintiff did not timely file this lawsuit; (ii) Plaintiff did not file a response to Judge Robbenhaar's Order to Show Cause why the Court should

not dismiss this case based on Plaintiff's failure to timely file this lawsuit; and (iii) the Amended Complaint does not contain any allegations showing that Plaintiff timely filed this lawsuit.

The Court denies Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 7, filed February 6, 2024, as moot because Judge Robbenhaar previously granted Plaintiff's motion to proceed *in forma pauperis*. See Doc. 5 at 8.

The Court denies Plaintiff's Motion for Service by Publication, Doc. 8, filed February 16, 2024, because the Court is dismissing this case.

**IT IS ORDERED** that:

(i)    This case is **DISMISSED without prejudice.**

(i)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 7, filed February 6, 2024, is **DENIED.**

(ii)   Plaintiff's Motion for Service by Publication, Doc. 8, filed February 16, 2024, is **DENIED.**

_____
**MARTHA VÁZQUEZ**
**SENIOR UNITED STATES DISTRICT JUDGE**

3